**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road
Building 6
Moorestown, New Jersey 08057
(856) 795-2181
By:   Steven J. Bushinsky, Esquire
        W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; TRUSTEES OF PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; AND INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711, <br><br>*Plaintiffs,*<br>v.<br>JPL PAINTING AND WALLCOVERING, INC.<br>*Defendant.* | Case No:<br><br>Civil Action<br><br><br><br>**COMPLAINT** |

Plaintiffs, by and through undersigned counsel, state as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the LMRA, 29 U.S.C. §185, and the common law of ERISA.

3. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Plan is administered, and the breach took place, in the District of New Jersey.

4. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

5. Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund ("Health Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and Collective Bargaining Agreement(s) ("CBA") in

accordance with Section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5).  The Health Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3(37) of ERISA 29 U.S.C. §1002(37).

6. Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund ("Vacation Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and CBA(s) in accordance with section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5).  The Vacation Fund is an employee benefit plan within the meaning of section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3 (37) of ERISA 29 U.S.C. §1002(37).

7. Plaintiffs, Trustees of Painters District Council 711 Finishing Trades Institute ("FTI") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and CBA(s) in accordance with section 302 (c)(5) of LMRA, 29 U.S.C. §186(c)(5).  The FTI is an employee benefit plan within the meaning of Section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of Section 3 (37) of ERISA 29 U.S.C. §1002(37).

8. Plaintiffs, International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, International Union of Painters and Allied

Trades District Council 711 Vacation Fund; and Painters District Council 711 Finishing Trades Institute (collectively "Funds") maintain their principal place of business at 27 Roland Ave, Suite 200, Mt. Laurel, New Jersey 08054.

9. The Funds are also the collecting agent for the National Finishing Trades Institute of New Jersey ("N-FTI"), Industry Advancement Fund ("IAF"), the Political Action Committee ("PAC"), Safety Training Recognition Awards Program ("Stars"), and the Job Targeting Program ("Job Targeting").

10. The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

11. The Trustees of the Funds are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

12. The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

13. Plaintiff International Union of Painters and Allied Trades District Council 711 (the "Union") brings this action to compel Defendant to abide by the terms of the CBA.

14. The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry affecting commerce.

15. The Union maintains it principal place of business at 9 Fadem Road, Springfield, New Jersey 07081.

16. Defendant, JPL Painting and Wallcovering Inc., is referred to as "Defendant JPL" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

17. Upon information and belief, Defendant JPL's principal place of business is located at 9 Davenport Street, Somerville, New Jersey 08876.

18. Upon information and belief, Defendant JPL conducts or has conducted business in the State of New Jersey.

## COUNT ONE

19. The Funds incorporate the allegations in Paragraphs 1 through 18 of this Complaint as if set forth herein in their entirety.

20. At all times relevant hereto, Defendant JPL was party to or agreed to abide by the terms and conditions of a CBA(s) with the Union or one or more local labor unions or district councils affiliated with the Funds.

21. At all times relevant hereto, Defendant JPL agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which govern the Funds, as well as the Policy for Collection of Fringe Benefit Contributions

("Policy"). The Trust Agreements and the Policy set forth the rules and regulations with respect to participation in, and administration of, the Funds.

22. The CBA to which Defendant JPL is bound requires that the company post a surety bond with the Funds as obligees or a cash deposit of $50,000.00 to secure Defendant JPL's obligation to make payments to the Funds.

23. The terms and conditions of the surety bond, security or other form of guaranty must be satisfactory to the Trustees or their designee(s).

24. Plaintiffs, on several occasions prior to the commencement of this cause of action, demanded that Defendant JPL post a surety bond, cash bond or equivalent and that said surety bond be provided with Plaintiffs as obligees to protect the interest of Plaintiffs' participants and beneficiaries.

25. Plaintiff Funds gave Defendant JPL written notices of their demand that Defendant JPL is in breach of the surety bond requirement by failing to post a surety bond, cash bond or equivalent in a sum as required by the CBA.

26. Defendant JPL has failed and refused to comply with the Funds' demand despite being obligated to do so pursuant to the terms and conditions of the CBA between the Union and Defendant JPL and therefore breached the CBA.

27. The Funds are third-party beneficiaries of the CBA between the Union and Defendant JPL.

28. Plaintiff Funds will suffer irreparable injury and harm from Defendant

JPL's breach of the CBA as set forth above in that the Funds' ability to ensure collection of required employer contributions to the Funds is jeopardized by Defendant JPL's failure to post the required surety bond, cash bond or equivalent with Plaintiffs as obligees.

29. Plaintiff Funds will suffer irreparable injury and harm from Defendant JPL's breach of the CBA as set forth above in that the Funds' ability to purchase and provide benefits to its participants and beneficiaries will be jeopardized if the Funds cannot secure payment of Defendant JPL's obligations which will result from Defendant JPL's failure to post the required surety bond, cash bond or equivalent with Plaintiffs as obligees.

30. The Funds will suffer irreparable injury and harm from Defendant JPL's breach of the CBA as set forth above in that the Funds will lose investment opportunities which would benefit the Funds' participants and beneficiaries as a result of Defendant JPL's failure and refusal to post the required surety bond, cash bond or equivalent with Plaintiffs as obligees thereby depriving the Funds from securing payments that Defendant JPL is obligated to make to the Funds.

31. The relief sought by the Funds against Defendant JPL will not harm Defendant JPL to a greater extent than that which the Funds will suffer if the relief sought by them is not granted as the Funds seek to enforce their rights under a clear and unambiguous contract provision.

32. The public interest is best served by granting the Funds the relief sought against Defendant JPL.

33. The Funds are without adequate remedy at law and therefore are entitled to equitable relief against Defendant JPL.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) For a preliminary injunction enjoining Defendant JPL from violating the terms of the CBA as to the Funds and ordering Defendant JPL to post a surety bond, cash bond or equivalent in a principal sum of $50,000.00 with Plaintiffs as obligees;

(B) Order Defendant JPL to specifically perform all obligations to the Funds under the CBA;

(C) Order Defendant JPL to pay the Funds' reasonable attorneys' fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(D) Order any such other and further relief as this Court may deem equitable, just and appropriate.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*


By: *W. Daniel Feehan /s/*
      W. Daniel Feehan, Esquire
      Steven J. Bushinsky, Esquire
      509 S. Lenola Road
      Building 6
      Moorestown, NJ 08057
      856-795-2181
      dfeehan@obbblaw.com

Dated: June 10, 2020